UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PRINCETON S. VALLO**<br>    DOC #490191 | : | **CIVIL ACTION NO. 2:16-cv-1359**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **KEITH COOLEY, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Princeton S. Vallo. Vallo is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Elayn Hunt Correctional Center in St. Gabriel, Louisiana. However, he complains about events that occurred when he was incarcerated Allen Correctional Center ("ALC") in Kinder, Louisiana. Vallo names the following ALC personnel as defendants herein: Warden Keith Cooley, Warden Estes, Major Victorian, Major Soileau, Capt. Selgraph, Capt. Thomas, Capt. Langley, Capt. Sonnier, Lt. Hebert, William Monk ("W. Monk"), Sgt. Monk, Sgt. Gamble, Sgt, Rollins/Rolling, Dr. Ajenda, LPN Hebert, Unknown ALC Staff, Programs Director Ed Shirley, and ARP Screening Officer Rachel Courville.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### I.
#### BACKGROUND

Vallo claims that on June 1, 2015, he was attacked on the recreation yard by inmate Mark Sidney. Doc. 1, att. 2, p. 1. He contends that he was previously stabbed by Sidney "a few months earlier" and that Sidney was supposed to be documented as his enemy. Doc. 1, p. 3. Nevertheless,

Vallo states that he was placed near Sidney with only a fence between them. *Id.* He claims that the fence did not have any barbed or razor wire to keep them separated. *Id.* As a result, he alleges that Sidney climbed the fence and attacked him with knife. Doc. 1, att. 2, p. 1. Vallo contends that the entire incident took place in front of defendant William Monk[1] and that he (William Monk) allowed Sidney to climb the fence and chase him around the yard for ten to fifteen minutes before calling for assistance. *Id.* Lt. Hebert, Sgt. Gamble, and Sgt. Monk apparently came to the scene of the incident after W. Monk called for assistance but Vallo claims that they did not make any effort to help him. Doc. 1, p. 4. Instead, he claims that "they just waited until he got tired of chasing me, allowed him to throw the knife on Mars rood in front of them, & never cuffed him at all." *Id.* at 5.

Following the incident, Lt. Hebert and Sgt. Gamble asked Vallo how Sidney got to Vallo's side of the fence. *Id.* Vallo told them to rewind their camera footage, ask whomever was supposed to be watching the monitor, and to do their own jobs. *Id.* Vallo indicates that Hebert and Gamble did not like his response, as he claims that they handcuffed him and locked him in a filthy cell despite the fact that he had open wounds. *Id.* He contends that they waited over an hour to call a nurse, but that he was seen later that day by LPN Hebert. *Id.* Vallo states that Dr. Ajenda examined him a few days after the attack, and that Warden Estes and Major Victorian were in the infirmary during one of the two examinations. *Id.*

According to Vallo, Sgt. Hebert and W. Monk fabricated a disciplinary report which they had Sgt. Rolling/Rollins deliver to him. *Id.* Vallo states that the disciplinary hearing was held in front of Captains Thomas and Selgraph and Major Victorian. *Id.* He alleges that Thomas and Selgraph "attempted to cover up in the [disciplinary board] hearing by not turning on the recording." *Id.* He claims that the medical records and pictures taken by Lt. Sonnier support his

---

[1] Vallo claims that the first attack also took place in front of W. Monk. Doc. 1, p. 3.

allegations concerning the attack. *Id.* Vallo states that defendants Cooley, Courville, and Shirley were made aware of the incident via the ARP that he filed on August 27, 2015 but that they failed to timely respond to the grievance. *Id.*; *see* doc. 1, att. 2.

As relief Vallo seeks compensatory and punitive damages. Doc. 1, p. 4.

## II.
## LAW & ANALYSIS

### A. Frivolity Review

Vallo has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. This act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. § 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants

liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. *Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading containing a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, *3 (E.D. La. Nov. 8, 2011) (citations omitted). Thus Vallo should amend his complaint to provide:

    (1) a description of what **each named defendant** did to violate his rights;

    (2) the place and date that each event occurred;

    (3) a description of the alleged injury sustained as a result of the alleged violation. This description should provide sufficient detail to enable the court to determine the seriousness of the injury, if any, he alleges he sustained;

    (4) for what damages does he seek the requested award of monetary damages (i.e. Vallo should explain to the court, in his own words, the basis for which he seeks the damages);

    (5) documentation showing all grievances and responses thereto filed by him at any and all facilities regarding his claims herein; and

    (6) a copy of the disciplinary report filed regarding this matter as well as the disciplinary hearing officer's findings and any appeals and rulings related thereto. Vallo should also include all supporting documentation concerning the report, hearing, and appeals.

### D. Theories of the Complaint

Vallo's complaint must provide the factual elements listed above as well as reflect the legal considerations applicable to each theory of recovery.

#### 1. Limitations

The statute of limitations for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Owens v. Okure*, 109 S.Ct. 573, 576–77 (1989) (citing *Wilson v. Garcia*, 105 S.Ct. 1938, 1948–49 (1985)). For § 1983 cases brought in Louisiana federal courts, the appropriate limitations period is one year. LA. CIV. CODE art. 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989). As many of Vallo's claims accrued with his injury on June 15, 2016,[2] his complaint, which was filed in September 2016, may contain claims that have prescribed. However, the Fifth Circuit also notes that the pendency of properly filed ARP proceedings will act to toll the limitations period on a prisoner's claims. *Harris v. Hegmann*, 198 F.3d 153, 156–59 (5th Cir. 1999). Accordingly, Vallo should allege the time his ARP proceedings were pending and the dates on which any claims that arose after his stabbing accrued.

#### 2. Retaliation

Vallo claims that he was retaliated against by defendants Lt. Hebert and Sgt. Gamble for the manner in which he responded to their questions immediately following the incident in question. Doc. 1, p. 5. To this extent, he should be aware that the Fifth Circuit has held that the elements of a claim under a theory of retaliation are the invocation of a specific constitutional right, the defendant's intent to retaliate against the plaintiff for his exercise of that right, a retaliatory adverse act, and causation, which is a showing that but for the retaliatory motive, the

---

[2] The date of accrual for a § 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995). "Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* at 516 (quoting *Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)) (quotations and alterations omitted).

action complained of would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). This requirement places a heavy burden upon inmates, because mere conclusory allegations will not suffice; instead, the inmate must produce direct evidence of retaliation or, the more probable scenario, a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Vallo's allegations are conclusory; he contends that Hebert and Gamble retaliated against him by placing him in the tier and perhaps by denying him medical care. However, he does not allege a chronology of events or how Hebert and Gamble were connected to his receipt of medical care from another party. Accordingly, he should amend his petition to better explain his retaliation claim.

### *3. False Disciplinary Report/Disciplinary Hearing*

Vallo claims that defendants Sgt. Hebert and W. Monk filed a false disciplinary report against him. He also states that the disciplinary hearing was held in front of Captains Thomas and Selgraph and Major Victorian, and that Thomas and Selgraph attempted to cover up in the disciplinary hearing by not recording it. Vallo does not give any additional information regarding the report, hearing, or sanctions imposed, if any. To the extent that he is attempting to claim a due process violation based on this incident, he is advised that such claims do not rise to a constitutional dimension unless the punishment imposed against the plaintiff subjected him to an atypical and significant deprivation (evaluated in the context of prison life) in which a state might conceivably have created a liberty interest for the benefit of the inmate. *Sandin v. Conner*, 115 S.Ct. 2293 (1995). Vallo has alleged no such deprivation. To the extent that he intends to raise this claim as a due process violation, he must show the sanctions imposed. If he intends to raise this claim as another incident of retaliation, he should allege a chronology of events and the connection of the actors involved in the adverse event to his attempt to exercise a constitutional right.

*4. Grievance Procedure*

Vallo asserts that defendants Keith Cooley, Rachel Courville, and Ed Shirley failed to timely respond to the grievance that he filed. Prisoners do not have a constitutionally protected right to a grievance procedure. *Chambers v. Roy*, 2010 WL 5621283, *2 (E.D. Tex. Nov. 10, 2010) (collecting cases). Therefore Vallo shows no right to relief under this claim and should dismiss it or amend to show how the delay impacted some federally protected right.

*5. Supervisory Liability*

It appears that Warden Cooley and Warden Estes are named in this petition in a supervisory capacity. Supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Vallo has named Warden Cooley and Warden Estes as defendants but has not alleged personal involvement or that they implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. He should therefore amend his complaint to demonstrate liability on the part of these individuals or dismiss his claims against them.

*6. Claims Against Unidentified Individuals*

Vallo has also asserted claims against unidentified individuals, namely "unknown staff" at ALC. He does not give any additional identifying information regarding these individuals nor does he state what they allegedly did to violate his constitutional rights. Vallo should amend his complaint to identify the specific individual(s) by role and action or dismiss them.

### 7. *Captain Langley, Major Victorian, Sgt. Rolling/Rollins, Lt. Sonnier, LPN Hebert, and Dr. Ajenda*

Vallo does not allege constitutional violations on the part of the above defendants. As to Capt. Langley, he merely states that a "[c]ivil action is now being filed on . . . Investigator Capt. Langley." Doc. 1, p. 5. Vallo claims that Major Victorian was a member of the disciplinary board that conducted the disciplinary hearing and that he was in the infirmary when Dr. Ajenda was examining his (Vallo's) stab wounds. He also states that Sgt. Rolling/Rollins brought Vallo a copy of the disciplinary report and that Lt. Sonnier took pictures of Vallo's stab wounds. *Id.* In regard to LPN Hebert and Dr. Ajenda, Vallo simply states that he was seen by both defendants.

Vallo should amend his complaint to sufficiently support his claims against these parties or dismiss same.

## III.
### CONCLUSION

Vallo's *pro se* complaint is deficient in a number of respects as discussed above. Before this court determines the proper disposition of his claims, he should be given the opportunity to remedy the deficiencies of his complaint or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to serve Vallo with a copy of this order.

**IT IS ORDERED** that Vallo amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S.Ct. 1386 (1962).

Vallo is further required to notify the court of any change in his address under LR 41.3.

THUS DONE AND SIGNED in Chambers this 6th day of June, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE