UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PRINCETON S. VALLO** | : | **DOCKET NO. 16-cv-1359** |
|    **DOC # 130190/545296** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **KEITH COOLEY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an amended civil rights complaint [doc. 12] filed *in forma pauperis* by *pro se* plaintiff Princeton S. Vallo ("Vallo"). Vallo is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Caddo Correctional Center in Shreveport, Louisiana. However, his claims relate to events that occurred while he was incarcerated at Allen Correctional Center ("ALC") in Kinder, Louisiana. *See* docs. 1, 12.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that Vallo's complaint be **DISMISSED WITHOUT PREJUDICE.**

**I.**
**BACKGROUND**

The bulk of Vallo's allegations are summarized in our preceding memorandum order. *See* doc. 10, pp. 1–3. In that order, Vallo was instructed to amend his petition to provide documentation and clarification relating to several of his claims. *Id.* at 5–8. Vallo has attempted to address these

issues in his amended complaint and attached documentation. Doc. 12; doc. 12, att. 1. Accordingly, we now determine whether his amended complaint should survive this court's initial review.

## II.
### LAW & ANALYSIS

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a lawsuit under § 1983 or any other federal law until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). Additionally, his use of administrative remedies must comply with the applicable deadlines and other critical procedural rules in order to qualify as exhaustion. *Woodford v. Ngo*, 126 S.Ct. 2378, 2386 (2006). District courts have no discretion to waive a prisoner's failure to properly exhaust the administrative remedy process before filing suit. *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). However, there are certain circumstances, such as interference by prison officials or reliance on an officer's statement that effectively rendered administrative remedies unavailable, where the Fifth Circuit has recognized an exception to the exhaustion requirement. *Huff v. Neal*, 555 Fed. App'x 289, 294–95 (5th Cir. 2014).

Failure to exhaust is an affirmative defense under the PLRA, and so inmates are not required to demonstrate exhaustion in their complaints. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007). Additionally, a district court may not "sidestep *Jones* by requiring prisoners to affirmatively plead exhaustion." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). However, a court may dismiss a complaint prior to service if it is facially apparent that the prisoner's claims are unexhausted. *Id.* at 327–28 (citing *Jones*, 127 S.Ct. at 920–21).

Correctional facilities in Louisiana generally employ a two-step administrative remedy procedure. *Dillon v. Rodgers*, 596 F.3d 260, 265 (5th Cir. 2010). Under this procedure, an inmate

first submits his grievance to the warden at the facility where the incident occurred.[1] *Id.* at 265–66. If the inmate is dissatisfied with the warden's response or does not receive a response in a timely manner, he may then appeal to the Louisiana Secretary of the Department of Public Safety and Corrections. *Id.* at 266. An inmate may only file suit in district court if he is unsatisfied with the second step response. *Id.* at 265–66.

In his amended complaint Vallo raises issues with the prison grievance procedure as one of his claims, and indicates that he did not pursue his claims beyond the first step because of the prison's prohibition against raising multiple claims in a single administrative remedy procedure ("ARP"). Doc. 12, pp. 2–3; *see* doc. 12, att. 1, pp. 4–12. His chief criticism appears to be that it would take him years to exhaust his claims one at a time. Doc. 12, pp. 2–3. Still, his allegations and documentation only show that he was prohibited from submitting multiple claims in the same ARP, not that he was barred from submitting one ARP while another was still pending or that any prison official communicated such a thing to him. *Id.*; *see* doc. 12, att. 1, p. 5. His misinterpretation of these communications does not excuse him from the PLRA's exhaustion mandate.

Accordingly, it is facially apparent that Vallo has not exhausted his administrative remedies. The rejection by the prison cannot even qualify as exhaustion at the first step, due to Vallo's failure to comply with critical procedural rules, and no circumstance applies here under which the exhaustion requirement should be excused at this or the following step. All claims in this action should therefore be dismissed without prejudice for lack of exhaustion.

---

[1] However, if the subject matter of the complaint is sensitive and the inmate fears retaliation, he may skip the first step and file his complaint with Louisiana's Assistant Secretary of Adult Services. *Dillon*, 596 F.3d at 266.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Vallo's complaint **be DISMISSED WITHOUT PREJUDICE** for failure to exhaust as required under 42 U.S.C. § 1997e(a).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 26th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE