UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PRINCETON S. VALLO** | : | **DOCKET NO. 16-cv-1359** |
| DOC # 130190/545296 | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **KEITH COOLEY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint [doc. 1] filed *in forma pauperis* by *pro se* plaintiff Princeton S. Vallo ("Vallo"). Vallo is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Caddo Correctional Center in Shreveport, Louisiana. However, his claims relate to events that occurred while he was incarcerated at Allen Correctional Center ("ALC") in Kinder, Louisiana. Vallo names the following ALC personnel as defendants herein: Warden Keith Cooley, Michelle Harmon, Mrs. Griffin, Travis Jackson, Austin Riser, Sergeant Philips, Captain Sonnier, Sergeant Wells, M.D. Hurst, and Nurse Hebert.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### I.
#### BACKGROUND

Vallo alleges that on June 6, 2016, defendant Harmon denied his "right to be read my rights & [Disciplinary Board] member Griffin did not do her job & issue me one after requested . . . ." Doc. 1, p. 3. He states that after the above incidents occurred, defendant Jackson grabbed the chain

connected to his handcuffs and shackles, dragged him out of the disciplinary board hearing, and began stomping, kicking, and punching him. *Id.* Vallo claims that defendants Riser and Philips "came [to] help & . . . started kicking & punching" him too. *Id.* He states that defendant Wells then "came in with the camera." *Id.* Vallo contends that he was then picked up by the chain and held in the air "with all the pressure on my wrist & ankles swelling up in excruciating pain," and that he screamed for help. *Id.* Vallo alleges that the defendants knew that he could have walked but instead choose to pick him up "like a dog then . . . dropped [him] & picked [him] up again, [and] threw [him] in a cell." *Id.* He maintains that once in the cell he put his arms through the tray hatch in order to be unrestrained and that defendant Philips "yanked my chains before he uncuffed me[,] swelling & cutting up my wrist & ankles." *Id.* Vallo alleges that although Captain Sonnier and Sergeant Wells had a camera during the incident, he does not believe that they reported anything to GEO. *Id.* at 4.

Vallo complains that when he saw Nurse Hebert she did not give him an ice pack to help reduce the swelling. *Id.* at 3. He further contends that he did not see "M.D. Hurst again[,] even after Hebert said she would refer [Vallo's] chart over to him. She said if he wants you to get evaluated by him he'll do so because he reads all sick call request forms." *Id.* at 4.

As relief, Vallo asks for $500,000 in punitive damages and $250,000 in compensatory damages for the "ongoing nerve damage that was inflicted by the beating with the cuffs to [his] left forearm, together with the pain, suffering, emotional distress, mental anguish & paranoia of any officer, & phobic of cuffs & shackles on [him] around officers with chemical agent spray, guns, & badges." *Id.*

# II.
## APPLICABLE LAW

### A. *Frivolity Review*

Vallo has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Doc. 8. This Act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### B. *42 U.S.C. § 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkins*, 108 S. Ct. 2250, 2254-55 (1988).

### C. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading containing a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, "the complaint must allege sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted). Thus Vallo should amend his complaint to provide:

(1) a description of what **each named defendant** did to violate his rights;

(2) the place and date that each event occurred;

(3) a description of all alleged injuries sustained as a result of the alleged violation(s). This description should provide sufficient detail to enable the court to determine the seriousness of the injury, if any, he alleges he sustained;

(4) for what damages does he seek the requested award of monetary damages (e.g. Vallo should explain to the court, in his own words, the basis for which he seeks the damages);

(5) documentation showing all grievances and responses thereto filed by him at any and all facilities regarding his claims herein; and

(6) a copy of all disciplinary reports, if any, filed regarding this matter as well as the disciplinary hearing officer's findings and any appeals and rulings related thereto. Vallo should also include all supporting documentation concerning the reports, hearings, and appeals.

### D. Theories of the Complaint

Vallo's complaint must provide the factual elements listed above as well as reflect the legal considerations applicable to each theory of recovery.

#### 1. Medical Care Claims

Vallo's allegations that defendants Hebert and Hurst provided him with inadequate medical care implicate his right, under the Eighth Amendment, to be free from cruel and unusual

- 4 -

punishment in the form of unconstitutional conditions of confinement. This right, however, requires only that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing, and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

Eighth Amendment violations based on official conduct other than a penalty formally imposed for a crime embody both a subjective and an objective component. *Wilson v. Seiter*, 111 S. Ct. 2321, 2323-24 (1991). The objective requirement necessitates that the inmate allege a sufficiently serious deprivation. *Id.* at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (quoting *Rhodes v. Chapman*, 101 S. Ct. 2392, 2399 (1981)) (citation omitted).

The subjective component requires that a prison official act with a sufficiently culpable state of mind. *Farmer v. Brennan*, 114 S. Ct. 1970, 1977 (1994). A prison official's culpability is measured by deliberate indifference, which is defined as "know[ing] and disregard[ing] an excessive risk to inmate health or safety." *Id.* at 1977-79. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind;" thus the test is "[s]ubjective recklessness" as used in criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). Accordingly, negligence and even gross negligence do not implicate the Constitution and thus do not provide a basis for a § 1983 claim relating to conditions of confinement. *Farmer*, 114 S. Ct. at 1978 & n. 4.

In order to show a constitutional violation relating to their medical care, convicted prisoners must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 97 S.

Ct. 285, 292 (1976). Accordingly, "[a] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (citation omitted). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotations and citation omitted). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cnty., Texas*, 245 F.3d 447, 459 (5th Cir. 2001) (citation omitted). "However, a prison official's knowledge of a substantial risk of harm may be inferred if the risk was obvious." *Easter*, 467 F.3d at 463.

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the court stated that the test "in balancing the needs of the prisoner against the burden on the penal system . . . is one of medical necessity and not one simply of desirability." The fact that a course of treatment was unsuccessful or that a prisoner disagrees with the treatment chosen does not elevate a claim to a constitutional dimension. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1992). Furthermore, the fact that a plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

Vallo has failed to present non-conclusory allegations of a subjective intent to cause harm in this matter. The facts of this matter do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly or wantonly disregarded his medical

- 6 -

needs. Vallo's dissatisfaction with his treatment does not render this a constitutional claim. Accordingly, Vallo should amend his complaint to cure the noted deficiencies or delete the claims.

### 2. *Supervisory Liability*

It appears that Warden Cooley is named in this complaint in a supervisory capacity. Supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, have failed to train or supervise the officials directly involved in circumstances amounting to deliberate indifference to the plaintiff's rights, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Brown v. Bolin*, 500 F. App'x 309, 314 (5th Cir. 2012); s*ee also Cozzo v. Tangipahoa Parish Council—President Gov't*, 279 F.3d 273, 289 (5th Cir. 2002). Vallo but has not alleged personal involvement, any failure to train, or that Warden Cooley implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. Vallo should amend his complaint to cure the defects noted or delete the claim.

### 3. *Use of Force*

As detailed above, Vallo alleges that defendants Jackson, Riser, and Philips used substantial excess force against him, and that defendants Sonnier and Wells filmed the incident in question but did not report same. Doc. 1, pp. 3-4. Vallo is advised that the use of force may sometimes be justified in a prison setting. Prison officers "may have to act quickly and decisively. Accordingly, they are entitled to wide-ranging deference." *Baldwin v. Stadler*, 137 F.3d 836, 840 (5th Cir. 1998) (internal citations and quotations omitted). Further, in order to show that his constitutional rights were violated by the use of force by the prison officials, a plaintiff needs to

show that the force was not used in a "good faith effort to maintain or restore discipline" but rather was administered "maliciously and sadistically" in order to cause harm. *Hudson v. McMillian*, 112 S. Ct. 995, 998 (1992) (citations omitted).

Vallo should amend his complaint to provide the court with specific information on the events occurring immediately prior to his "being dragged . . . out of the [Disciplinary Board] Hearing." Doc. 1, p. 3. He should also inform the court of any disciplinary actions resulting from the incident in question, including the status of the actions. In addition, he should provide copies of the documents associated with any disciplinary or criminal proceedings related to this incident.

### 4. *Defendants Harmon and Griffin*

Vallo's allegations that defendant Harmon denied his "right to be read my rights & DB member Griffin did not do her job & issue me one after requested . . . ." are, at best, vague. *Id.* Other than providing the date on which he claims defendants Harmon and Griffin committed the alleged acts, he does not give any additional information regarding the incident. Vallo should amend his complaint to state what he claims Harmon and Griffin did to violate his constitutional rights.

### III.
#### CONCLUSION

Vallo's *pro se* complaint is deficient in a number of respects as discussed above. Before this court determines the proper disposition of his claims, he should be given the opportunity to remedy the deficiencies of his complaint or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly;

**THE CLERK IS DIRECTED** to serve Vallo with a copy of this order.

**IT IS ORDERED** that Vallo amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Vallo is further required to notify the court of any change in his address under LR 41.3.

THUS DONE this 27th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE